IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. NASH, EDWARD BRITTINGHAM, JOSE SANTIAGO, REGGIE FOLKS, ANDREW MUDRY, and DEANDRE PETTIFORD, on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>KOLAWOLE AKINBAYO, et al.,<br><br>Defendants. | Civ. No. 18-677-GMS |

## MEMORANDUM

The plaintiffs in this case, *pro se* litigants, all inmates incarcerated at the Howard R. Young Correctional Institution, Wilmington, Delaware, have filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) On May 15, 2018, the court ordered that required each named plaintiff to pay the entire filing fee pursuant to *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009). The plaintiffs move for reconsideration. (D.I. 9.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon*

1

*Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The plaintiffs argue that the authority relied on in the May 15, 2018 order (*i.e.*, *Hagan*), may be an oversight by the court. They also contend that, because they seek class certification, it is not proper to seek a filing fee from each named plaintiff. The plaintiffs ask the court to assess only one filing fee.

This case has not been certified as a class. In addition, when joinder of claims and parties is proper and there are multiple named plaintiffs, Third Circuit precedent requires each named plaintiff to pay the entire filing fee. The court finds that the plaintiffs have failed to demonstrate any grounds for reconsideration. Accordingly, the motion for reconsideration (D.I. 9) will be denied.

UNITED STATES DISTRICT JUDGE

June 14, 2018
Wilmington, Delaware

2