IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. NASH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 18-677 (MN) |
| | ) |
| KOLAWOLE AKINBAYO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 18th day of October 2019;

1. On September 13, 2019, the Court entered an Order ordering, *inter alia*, Plaintiff Reggie Folks ("Folks") to show cause, on or before October 11, 2019, why he should not be dismissed as a plaintiff for failure to prosecute, pursuant to Rule 41.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware. (*See* D.I. 86 ¶ 6). Folks did not respond to the show cause order.

2. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or

defense.  *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019).  The Court must balance the factors and need not find that all of them weigh against Folks to dismiss him as a plaintiff.  *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

4. Several factors warrant the sanction of dismissal including Folks' failure to: (1) take any action in this matter since June 28, 2018; (2) file responses to Defendants' motions to dismiss (D.I. 54, 57); (3) notify the Court of his transfer to the James T. Vaughn Correctional Center and of his new address; and (4) prosecute the case.

THEREFORE, IT IS HEREBY ORDERED that:

Plaintiff Reggie Folks is **DISMISSED** as a Plaintiff without prejudice for his failure to prosecute this case.

_____
The Honorable Maryellen Noreika
United States District Judge